IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

FILED
FEB 28 2008
DAVID CREWS, CLERK
By_____ Deputy

LENDEN SANDERS                       PLAINTIFF

V.                            CIVIL NO. 2:08cv 40-P-A

DR. MARIA MOMAN and
DELTA HEALTH CENTER                    DEFENDANTS

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

TO:   Honorable Suzanne G. Keys
      Byrd & Associates, PLLC
      427 E. Fortification Street
      P.O. Box 19
      Jackson, MS 39205-0019

      Ms. Rosie S. Simmons
      Bolivar County Circuit Clerk
      200 Court St.
      P.O. Box 670
      Cleveland, MS 38732-0670

You will please take notice that on the 28th day of February, 2008, the United States of America, on behalf of Dr. Maria Moman, a federal employee of the United States of America Defendant, mailed for filing this Notice of Removal of that certain cause pending in the Circuit Court of Bolivar County entitled, **Lenden Sanders vs. Dr. Maria Moman and Delta Health Center, Cause No. 2007-0107** therein, the original Complaint, having been filed by Plaintiff on November 16, 2007, in said State Court, which said cause is now removed to the United States District Court for the Northern District of Mississippi, and is styled as shown in the caption hereof. You will please take due

1

notice of said removal and proceedings in accordance with 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233. Copies of said removal and proceedings are attached hereto and duly served upon each of you.

II.

You are also advised that United States of America, upon filing of said Notice of Removal in the United States District Court aforesaid, thereafter duly filed a copy of said Notice with the Clerk of the Circuit Court of Bolivar County, and the removal of the cause to the United States District Court has been effected in accordance with 28 U.S.C. 2679(d)(2) and 42 U.S.C. § 233.

III.

On February 22, 2008, the United States Attorney's Office for the Northern District of Mississippi received by mail a copy of the following document from its agency:

1. The **State Court Complaint** in said styled and numbered cause, being a true copy of this document is attached hereto, identified accordingly as Exhibit "A".

IV.

The State Court Complaint, filed by Plaintiff on or about November 16, 2007, seeks damages based on the alleged negligence of the Defendant in providing a sub-standard level of medical care.

V.

Actions for alleged negligent or wrongful acts or omissions of federal employees come within the provisions of the Federal Tort Claims Act. The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2680 (2000) ("FTCA"), as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 § 5, Pub.L. No. 100-694, 102 Stat. 4563 (1988), provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omission of federal employees taken within the scope of their office as employment (28 U.S.C. § 2679). See also, 42 U.S.C. § 233 of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1995 (Pub.L. 104-73). The tortious conduct alleged in the Plaintiff's Complaint falls within this provision. 28 U.S.C. § 2679(d)(2) provides:

> (2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

42 U.S.C. § 233(c) provides in part:

(c) **Removal to United States district court; procedure; proceeding upon removal deemed a tort action against United States; hearing on motion to remand to determine availability of remedy against United States; remand to State court or dismissal.**

 Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto...

 A. Dr. Maria Moman is employed at the Delta Health Center, an entity which was deemed eligible for coverage under the Federal Tort Claims Acts on June 23, 1996, as was, at all times relevant to the time of the allegations contained in the Complaint, acting within the scope of her employment with the Delta Health Center, and, as such, is deemed to be a federal employee of the United States.

VI.

 This action is removed under the provisions of 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233(c).

VII.

This Notice of Removal is herewith filed before trial of this cause in accordance with 28 U.S.C. §2679(d)(2) and 42 U.S.C. § 233(c).

        Respectfully submitted,

        JIM M. GREENLEE
        United States Attorney

        By:
        JOHN E. GOUGH, JR. (MSB # 10351)
        Assistant United States Attorney
        900 Jefferson Avenue
        Oxford, MS 38655-3608
        (662) 234-3351
        (662) 234-3318 (fax)

IN THE CIRCUIT COURT OF BOLIVAR COUNTY, MISSISSIPPI

**LENDEN SANDERS**                  **PLAINTIFF**

V.          **FILED**         CAUSE NO. 2007-0107

**DR. MARIA MOMAN AND**     NOV 16 2007
**DELTA HEALTH CENTER**                     **DEFENDANTS**

BOLIVAR COUNTY, MS
ROSIE L. SIMMONS, CIRCUIT CLERK
               D.C.

**JURY DEMAND**

## COMPLAINT

This is a suit for medical negligence. Plaintiff Lenden Sanders by and through her attorney file this Complaint for medical negligence against defendant medical personnel who negligently treated Lenden Sanders and caused or contributed to her injuries.

1. Lenden Sanders is an adult resident citizen of Cleveland (Bolivar County) Mississippi.

2. **Defendant Dr. Maria Moman**, (hereinafter referred to as Defendant Momen), upon information and belief, is a resident of Bolivar County, Mississippi, practicing in Mound Bayou, Mississippi where she may be served with process.

3. **Defendant Delta Health Center** is a medical clinic that, upon information and belief, employs Dr. Moman. Plaintiff was treated by Dr. Moman at the Health Center.

4. Jurisdiction and venue are proper in the Circuit Court of Bolivar County pursuant to the Miss. Code. Ann. Statute § 11-11-1 as this claim for relief occurred and accrued therein.

5. This is a claim for damages sustained due to the negligence of Dr. Moman who performed a hysterectomy on Plaintiff and negligently cut her bladder.

6. On or about September 15, 2006, Lenden Sanders, then age 44 when Dr. Moman performed surgery on her. During this hysterectomy, Dr. Moman punctured her bladder requiring three subsequent surgeries to repair. The puncture of her bladder and the resultant surgeries for its repair were a result of the negligence of her health care provider. Dr. Moman who was employed by Delta Health Center..

Exhibit "A"

The Doctor and Clinic were negligent in this case, inter alia, by damaging Mrs. Sanders' bladder, which damage resulted in three additional surgeries.

7. Dr. Moman was negligent in this case by, *inter alia*, failing to properly treat Ms. Samders; by puncturing her bladder during her hysterectomy and by failing to discover and repair the puncture prior to closure. These failures caused Plaintiff with the pain, suffering and cost of additsonal surgeries to repair the damages.

8. At all times material herein, Defendant Dr. Moman was a licensed practicing medical doctors in the state of Mississippi and had undertaken to provide medical care to her patient, Lenden Sanders.

9. At all times material herein, Defendants Delta Health Center was a medical treatment provider engaged in the business of rendering health care.

10. At all times material herein, Defendant Dr. Moman was under non-delegable duty to:

    a) attend to Ms. Sanders and render and/or assure that she was rendered timely and proper care;

    b) assure that her hysterectomy and subsequent treatment were properly carried out;

    c) render professional health care services to ms. Sanders consistent with the nationally recognized minimum acceptable standards.

11 At all times material herein, Defendant Delta Health Center was under a non-delegable to:

    a. render professional health care services consistent with the nationally recognized minimal accepted standards;

    b. properly monitor and supervise the actions of Defendant doctor.

    c. properly train and supervise defendant doctor.

12. The Defendants breached each of the duties set out above.

13. As a direct and proximate result of the Defendant's negligence, Lenden Sanders

suffered a punctured bladder and developed continuous vaginal leakage of urine. She required additional surgeries to repair the vesicovaginal fistula that had developed from the puncture of the bladder. She suffered mental anguish, pain and suffering from this injury as well as economic losses..

14. Pursuant to Mississippi Code Annotated §15-1-36 Defendants were given prior notice of Plaintiff's intent to sue.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Lenden Sanders demand compensatory damages of and from the Defendants jointly and severally for an amount that is within the jurisdiction limits of this court, the amount of compensatory damages excess ten thousand dollars ($10,000) plus court cost and Plaintiff further requests such other and further relief as may be deemed entitled to under the premises.

**RESPECTFULLY SUBMITTED**, this the 16 day of November, 2007.

LENDEN SANDERS

BY: *Suzanne G. Keys*
ISAAC K. BYRD, JR., MSB# 7646
SUZANNE G. KEYS, MSB# 5032

OF COUNSEL:

**BYRD & ASSOCIATES, PLLC**
**427 E. FORTIFICATION STREET**
**POST OFFICE BOX 19**
**JACKSON, MS 39205-0019**
**TELEPHONE: (601)354-1210**
**FAX: (601) 354-1254**

3

**CERTIFICATE OF SERVICE**

I, **John E. Gough, Jr.**, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I have this day served the foregoing **Notice Of Removal To The United States District Court**, by mailing, postage prepaid, a true copy of said **Notice** to:

```
Honorable Suzanne G. Keys
Byrd & Associates, PLLC
427 E. Fortification Street
P.O. Box 19
Jackson, MS 39205-0019

Ms. Rosie S. Simmons
Bolivar County Circuit Clerk
200 Court St.
P.O. Box 670
Cleveland, MS 38732-0670
```

This the 28th day of February, 2008.

_____
JOHN E. GOUGH, JR.
Assistant United States Attorney